UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA
         vs.                                            5:23-MJ-505 (TWD)
QUASHAWN PETTIFORD,
                              Defendant.
_____

## **PRETRIAL DETENTION ORDER**

      Presently before the Court is the Government's motion for pretrial detention of Defendant QUASHAWN PETTIFORD. Defendant has been charged by complaint with Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a). The filing of an indictment or a valid criminal complaint will suffice to establish probable cause to believe a defendant has committed the charged offense. *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985). I find that the complaint and supporting affidavit, as supplemented by the factual proffer made by the Government, are sufficient to establish probable cause that Defendant committed the acts alleged in the complaint.

      The Government has moved for detention based on danger to others and to the community and risk of flight. The detention motion may be based on risk of danger under 18 U.S.C. § 3142(f)(1)(A) because the charged offense is a crime of violence, as that term is defined in 18 U.S.C. § 3156(a)(4)(A), in that it has, as an element, the threatened use of physical force against the person of another. Based on the nature of the charged offense, however, there is no applicable presumption of risk of flight or danger in this case.

      A detention hearing was conducted on October 19, 2023. The Court considered the Pretrial Services Report of October 10, 2023, and Defendant did not request any specific edits or corrections to that report, but did indicate that the characterizations of some domestic disputes discussed in the report were inaccurate. The Court also considered the pending

criminal complaint, and the arguments of counsel. The Government and Defendant proceeded by proffer.

To support its motion for detention, the Government bears the burden of proving risk of flight by a preponderance of the evidence, and of proving danger to the community by clear and convincing evidence. *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985). The factors for this Court to consider include the nature and circumstances of the offense charged; the history and characteristics of the defendant; the weight of the evidence against the defendant; and the nature and seriousness of the risk to the community if the defendant were to be released. 18 U.S.C. § 3142(g)).

I conclude that the Government has sustained its burden to prove, by clear and convincing evidence, that Defendant presents an unreasonable risk of danger to others and to the community through continued criminal acts including acts of violence, and that no conditions of release will adequately mitigate that risk. I also find that the Government has met its burden to show, by a preponderance of the evidence, that Defendant is a risk of flight. I will consider, in turn, the relevant factors, which support my findings and conclusions:

1. **The Nature and Circumstances of the Offense Charged**

Defendant has been charged with Interference with Interstate Commerce by Robbery in violation of 18 U.S.C. § 1951(a). It is alleged that Defendant committed a forced, armed robbery of a gas station utilizing what appeared to be a handgun on January 11, 2022. *See generally* Complaint. He is facing a maximum term of 20 years in prison if convicted.

2. **The History and Characteristics of the Defendant**

Defendant is unemployed and has not worked in approximately two years. He is a life-long resident of the Northern District of New York. He is not married, has at least eight children born to four different relationships. The children all reside in this District. he

resides with his fiancé who is the mother of two of his children. His parents reside in the Central New York area. He utilizes his mother's address as his legal residence.

Defendant has a history of multiple arrests and convictions including three felony convictions for similar offenses as the offense charged. He has eight misdemeanor convictions for various offenses related to robberies, weapons, controlled substances, and impersonation. He has had multiple parole violations over the years for which his parole was revoked. He has used aliases and different birth dates. At least ten bench warrants have been issued for him, one of which is apparently active for charges related to fleeing the police in a motor vehicle and other driving offenses. Several orders of protection have been issued against him, the most recent of which expired in July 2023. Defendant apparently has some history of marijuana abuse, and has completed substance abuse treatment in the past. Defendant has a history of anxiety and panic attacks and currently takes prescribed medication for his anxiety.

### 3. The Weight of the Evidence Against the Defendant

The Complaint alleges that Defendant participated in an armed robbery of a gas station. Surveillance footage of the robbery appears to show the defendant wielding a weapon. Clothing he was wearing in the surveillance footage matches clothing found in a residence and vehicle associated with Defendant. His cell phone contained evidence tied to the robbery.

### 4. The Nature and Seriousness of the Risk to the Community

Defendant has been charged with a violent crime. He has a history of charges and convictions involving violence and weapons, and a history of substance abuse and mental health issues. He has a history of criminal conduct committed while he was on supervision. He has a history of failing to appear for Court dates such that multiple bench warrants have

been issued for him. He has a significant history of parole violations and revocations. This Court finds Defendant's past criminal history, including crimes of violence and crimes involving weapons, his substance abuse, mental health issues, failures to appear in Court as required, and parole violations all present a danger to the community and a risk that he will not appear in Court as required. In short, based upon the above, the Court finds clear and convincing evidence that the Defendant presents a danger to the community, and a preponderance of the evidence supports that he is a flight risk.

    **5.**    **Consideration of Conditions of Release**

The Court has considered whether any conditions of release would reduce Defendant's risk of danger to others to an acceptable level, and finds that no combination of conditions would do so.

**WHEREFORE**, it is hereby

**ORDERED**, that the Government's motion for detention is **GRANTED**, and it is

**ORDERED**, that Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated:    October 19, 2023
             Syracuse, NY

_____
Thérèse Wiley Dancks
United States Magistrate Judge